PETER J. SALMON (UT BN 9382)
SPENCER MACDONALD (UT BN 10243)
PITE DUNCAN, LLP
4375 JUTLAND DRIVE, SUITE 200
P.O. BOX 17935
SAN DIEGO, CA 92177-0935
TELEPHONE: (858) 750-7600
FACSIMILE:  (619) 590-1385

Attorneys for Defendants PROVIDENT FUNDING ASSOCIATES, LP, MAX DEFAULT SERVICES CORP. and JAMES WOODALL

### IN THE DISTRICT OF UTAH - CENTRAL DIVISION
### UNITED STATES DISTRICT COURT

| | |
|---|---|
| BRUCE L. BRUNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROVIDENT FUNDING ASSOCIATES, LP,;<br>JAMES WOODALL; MAX DEFAULT<br>SERVICES CORP.,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DISSOLVING PLAINTIFF'S PRELIMINARY INJUNCTION**<br><br>Case No. 2:10cv00795 DN<br><br>Judge David Nuffer |

　　　　This matter comes before the Court on a Motion to Dissolve Preliminary Injunction filed by Defendant Provident Funding Associates, LP ("Provident"). This Motion, supporting Memorandum and Affidavit were filed on January 23, 2012 (Docs. 52, 53 and 54). Plaintiff filed a Memorandum in Opposition on February 7, 2012 (Doc. 55). Defendant Provident then filed a Reply on February 24, 2012 (Doc. 57).

The Court conducted a hearing on Defendant Provident's Motion on May 24, 2012. Defendants were represented by Spencer Macdonald, and Plaintiff was represented by Abraham Bates. The hearing was a continuation of a hearing on October 1, 2010 before Judge Tena Campbell, at which Judge Campbell entered a preliminary injunction by stipulation of the parties and without having made factual findings relative to Plaintiff's request for injunctive relief. At the hearing both parties presented additional documents to the Court, which the Court accepted by stipulation of the parties. The Court further heard testimony from Jim Karanfiloglu, an employee of Defendant Provident, and from Plaintiff Bruce L. Brunson.

Based on the briefs filed by the parties, and on the additional documentation and testimony received at the May 25 hearing, the Court makes the following findings and conclusions and GRANTS Defendant Provident's Motion.

1. Defendant Provident's Motion is based on a narrow set of issues. Of the four causes of action stated in Plaintiff's First Amended Complaint (Doc. 33), three are based on federal statutes, the remedies for which do not include injunctive relief. Consequently, Plaintiff's preliminary injunction may only be based on the remaining cause of action for "negligent misrepresentation."

2. In Utah, "a party injured by reasonable reliance upon a second party's careless or negligent misrepresentation of a material fact may recover damages resulting from that injury when the second party had a pecuniary interest in the transaction, was in a superior position to know the material facts, and should have reasonably foreseen that the injured party was likely to rely upon the fact." Price-Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc., 713 P.2d 55, 59 (Utah 1986)

(citations omitted).  In other words, a claim for negligent misrepresentation requires that there be a misrepresentation by the defendant and reasonable reliance on that misrepresentation.

3. The history of this case shows that the Plaintiff did not make any payments on his obligations under the deed of trust central to this case from January to July 2008.  The Plaintiff's arrearages were summarized in a bankruptcy plan in September 2008.  The Plaintiff's bankruptcy petition was dismissed in October 2008 without any payment plan having been formally implemented.  To his credit, the Plaintiff did make payments in August 2008 through November 2009, and Defendant Provident accepted these payments.

4. The Plaintiff testified that he felt that when his bankruptcy petition was dismissed that an arrangement had been reached wherein his arrearages had been placed on the end of the loan.  This was a mistake on his part.  According to Plaintiff's testimony, Defendant Provident never made such a representation to the Plaintiff.  The Plaintiff's subjective reliance on his own mistaken understanding of this situation was not reasonable.

5. The Plaintiff argued that Defendant Provident's acceptance of his payments during and following his bankruptcy petition amounted to a "misrepresentation" that his arrearages had been cured.  However, the Court finds that Provident's acceptance of these payments was not a representation relating to the Plaintiff's arrearages.  The Court further finds that none of the documents submitted by the parties includes an actionable representation or misrepresentation as to the Plaintiff's arrearages.  Instead, from October 2008 to approximately December 2009, Defendant Provident's course of conduct demonstrates that it was acting as if the Plaintiff was in bankruptcy,

not as though the Plaintiff's arrearages had been resolved.

6. Defendant Provident failed to timely take notice of the dismissal of the Plaintiff's bankruptcy petition. However, there was no misrepresentation by Defendant Provident, and therefore no misrepresentation.

7. The Court further finds that Mr. Brunson knew about his arrearages, so any claimed reliance on representations to the contrary was not reasonable.

Based on the foregoing, the Court concludes that the Plaintiff has not shown a substantial likelihood of prevailing on the merits of his claim for negligent misrepresentation as required by Fed. R. Civ. P. 65. Consequently,

**ORDER**

IT IS HEREBY ORDERED that Defendant Provident's Motion to Dissolve Preliminary Injunction (docket no. 52) IS GRANTED, which dissolution shall be effective thirty (30) days from the entry of this Order.

Dated: June 15, 2012

_____
JUDGE DAVID NUFFER
U. S. District Court Judge